1  David M. Birka-White (State Bar No. 85721)
   dbw@birka-white.com
2  Mindy M. Wong (State Bar No. 267820)
   mwong@birka-white.com
3  BIRKA-WHITE LAW OFFICES
   65 Oak Court
4  Danville, CA 94526
   Telephone:  (925) 362-9999
5  Facsimile:  (925) 362-9970

6
   N. Scott Carpenter (*Pro Hac Vice To Be Submitted*)
7  scarpenter@cstriallaw.com
   Rebecca Bell-Stanton
8  rstanton@cstriallaw.com
   Carpenter & Schumacher, P.C.
9  2701 Dallas Parkway, Suite 570
   Plano, TX  75093
10 Telephone: (972) 403-1133
   Facsimile:  (972) 403-0311
11

12 *Attorneys for Plaintiffs*
   JAMES BODLEY AND KYLE MATSON

13

14            **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA**

16 JAMES BODLEY AND KYLE MATSON, on          CASE NO.
   behalf of themselves and all others similarly
17 situated,                                   **COMPLAINT FOR DAMAGES AND
                                               INJUNCTION**
18            Plaintiff,
                                               **CLASS ACTION**
19       v.
                                               JURY TRIAL DEMANDED
20 KITCHENAID, INC., and DOES 1 through
   10, inclusive,
21
              Defendants.
22

23

24

25

26

27

28

Plaintiffs James Bodley and Kyle Matson ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## I.       INTRODUCTION

1.      This case arises out of the manufacture and sale of dishwashers designed, manufactured and sold by Defendant KitchenAid, Inc. ("Defendant" or "KitchenAid") which are equipped with a defective upper rack assembly depicted in **Exhibit A** hereto, including but not limited to part numbers W10350375 and W10350376.

2.      KitchenAid designed, manufactured, distributed and sold the dishwashers from approximately 2011 to the present to Plaintiffs and Class Members.

3.      At the time of sale, the dishwashers contained a defect in the upper rack assembly. The rack assemblies in the dishwashers are prone to premature failure as the heat generated by the dishwasher causes the plastic components to become brittle and break, causing the top rack to suddenly and unexpectedly collapse.

4.      The failure of the upper rack assembly results in property damage and creates an unreasonable risk of personal injury because the upper rack assembly fails without warning to Plaintiffs and the Class causing dishware and glassware to shatter and break.

5.      The dishwasher will not operate without a functional upper rack assembly. Moreover, the component part cannot be repaired and must be replaced, an expense that has and must be incurred by Plaintiffs and the Class as alleged herein.

6.      KitchenAid has known that the upper rack assembly was defective and not fit for their intended purpose as alleged herein since shortly after they were first sold, at least 2011. Nevertheless, KitchenAid actively concealed and failed to disclose the defect to Plaintiffs and the Class at the time of purchase and thereafter and continued selling the dishwashers containing the defective upper rack assembly.

7.      KitchenAid had a duty to disclose the defect in the dishwashers to all prospective purchasers particularly because of the unreasonable risk of serious physical injury posed by the defect in the upper rack assembly.  Had Plaintiffs and the Class been aware of the defect, they would not have purchased a KitchenAid dishwasher but instead would have purchased a

1  dishwasher manufactured by others.

2        8.      Despite notice of the defect from hundreds of customer complaints, KitchenAid has

3  not recalled the dishwashers to repair the defect and when asked, has refused to pay for the parts

4  and labor associated with removing and replacing the defective rack assembly.

5        9.      As a result of the defect in the dishwashers, Plaintiffs and members of the Class

6  have suffered actual damages.

7        10.     Plaintiffs seek recovery on behalf of themselves and all persons who purchased the

8  dishwashers or properties in which the dishwashers were installed (the "Class") for breach of

9  express and implied warranties and for violation of the provisions of the California consumer

10  protection and unfair business practice statutes.

11     **II.     <u>PARTIES</u>**

12        11.     Plaintiff James Bodley ("Bodley") is a resident of Dublin, California, County of

13  Alameda.  On or about November 6, 2012, Bodley became the first purchaser of a newly

14  constructed home in which a KitchenAid dishwasher bearing model number KUDS30FXSS5 was

15  installed.

16        12.     Plaintiff Kyle Matson ("Maston") is a resident of Martinez, California, County of

17  Contra Costa.  On or about November 22, 2013, Matson purchased a home in which a KitchenAid

18  dishwasher bearing model number KUDS30FXSS5 was installed.

19        13.     Defendant KitchenAid, Inc. ("KitchenAid") is a Delaware corporation with its

20  principal place of business in Benton Harbor, Michigan.  At all times relevant herein, KitchenAid

21  distributed, advertised, marketed, manufactured, warranted, and sold the KitchenAid dishwashers

22  equipped with the defective upper rack assembly.

23        14.     Plaintiffs are unaware of the true names and capacities of the Defendants sued

24  herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names.

25  Plaintiffs will amend this complaint to allege their true names and capacities when they are

26  ascertained.  Plaintiffs are informed and believe that each of the fictitiously named Defendants is

27  responsible in some manner for the occurrences herein alleged and that the damages suffered by

28  Plaintiffs and the class, were proximately caused by their conduct.

15.     Plaintiffs are informed and believe that all Defendants, including the fictitious Doe Defendants 1 through 10, were at all relevant times acting as actual or ostensible agents, conspirators, partners, joint venturers or employees of all other Defendants and that all acts alleged herein occurred within the course and scope of that agency, employment, partnership, or enterprise, and with the express or implied permission, knowledge, consent, authorization and ratification of their co-Defendants.

### III.     JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are at least 100 class members in the proposed class, (2) the combined claims of the proposed class members exceed $5,000,000 exclusive of interests and costs, and (3) there is minimal diversity as Plaintiffs and members of the proposed class are citizens of California and KitchenAid is a citizen of other states including Delaware and Michigan.

17.     This Court has personal jurisdiction over Defendant because KitchenAid purposefully availed itself of the privilege of conducting business activities within the State of California by advertising, selling, and warranting the dishwashers to Plaintiffs and the proposed class, and maintained systematic and continuous business contacts with the State of California, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

18.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events, misrepresentations and/or omissions giving rise to Plaintiffs' claims alleged herein occurred in the Northern District when Defendant advertised, sold, marketed, and/or warranted the dishwashers to Plaintiffs and the proposed class.

### IV.     INTRADISTRICT ASSIGNMENT

19.     Venue in this Division of the Northern District is proper under Local Rule 3-2(c) and (d) because a substantial part of the events or omissions which give rise to Plaintiffs' claims occurred in Alameda County and Contra Costa County.

V.      **FACTUAL ALLEGATIONS**

A.      **The Latent Defect in the Dishwashers**

20.     The dishwashers designed, manufactured, marketed, and sold by KitchenAid contain defective rack assemblies that fail and cause the dishwasher to be inoperable.

21.     The dishwashers utilize plastic parts in the top rack slide mechanism. These parts prematurely fail without warning causing the axles to separate from the wheels. The wheels come free allowing the rack to become unstable and fall.  The loaded top rack falls onto the door or lower rack, causing dishware and glassware to shatter and break, causing property damage and a serious risk of personal injury. The design of the rack assembly cannot withstand normal or intended use.

22.     Because of the defect in the rack assemblies, all KitchenAid dishwashers relevant to this litigation have upper rack assemblies that have failed or will ultimately fail prematurely.

23.     The defect in the dishwasher is latent and not discoverable until the upper rack assembly fails, at which point the dishwasher is no longer operable and remains substantially inoperable until the defective rack assembly is replaced.

24.     The dishwashers were manufactured and sold between 2011 to the present.

25.     Notwithstanding their knowledge of the defect, KitchenAid continued the sale of the dishwashers without disclosing the defect or safety risk to consumers. Had Defendant disclosed the known facts Plaintiffs and the proposed Class would not have purchased the dishwashers or would have requested that they be replaced in homes purchased by Plaintiffs and the Class.

26.     Plaintiffs were not aware of the defect in their dishwashers until the upper rack assemblies suddenly and unexpectedly failed.

B.      **Cost and Installation of Repair Assembly**

27.     When the upper rack assembly fails, Plaintiffs and members of the Class are required to purchase replacement rack assemblies at a cost of $25-$50 plus labor costs associated with installation of the rack assemblies at a cost of approximately $100-$250.

28.     Defendant could have avoided damaging Plaintiffs and the proposed Class by disclosing the nature of the defect and paying for the replacement of the defective rack assembly. Defendant continues to refuse to do so as alleged herein.

29.     As a result of the Defect, Plaintiffs and the putative class have experienced or are substantially certain to experience premature failure of their dishwashers and have incurred damages as alleged herein.

**C.     KitchenAid's Warranties and Representations**

30.     KitchenAid issued a written warranty (the "Warranty") for the dishwasher.

31.     The Warranty provides that: "For one year from the date of purchase, when this major appliance is operated and maintained according to instructions attached to or furnished with the product, KitchenAid....will pay for factor specified parts and repair labor to correct defects in materials and workmanship that existed when this major appliance was purchased."  A copy of the Warranty is attached hereto as **Exhibit B**.

32.     The Warranty further provides, "In the second through fifth year from the date of purchase, when this major appliance is operated and maintained according to instructions attached to or furnished with the product, KitchenAid will pay for factory specified parts for the following components to correct defects in materials or workmanship that existed when this major appliance was purchased: nylon dish racks and electrical controls."

33.     Plaintiffs have provided KitchenAid with notice of breach of the Warranty and a reasonable opportunity to cure the breach.  *See* **Exhibit C** attached hereto.  KitchenAid has failed to remedy the breach of its obligations to Plaintiffs and the proposed Class under the Warranty. Further, complaints submitted online to www.consumeraffairs.com by members of the Class demonstrates that KitchenAid is refusing to warranty the defective upper rack assembly.

- On August 4, 2014, John H. of Cincinnati, OH wrote:

    We have owned a KitchenAid Dishwasher, Model KUDS35FXSS8 for 16 months. **The wheels on the upper dish rack have already come off**, rendering it unusable. This happened because the plastic tabs that hold the wheels in place have become brittle and cracked off in this short time. **Kitchen Aid's warranty states that the dish rack is warranted for 5 years. However, Kitchen Aid customer service tells us that the wheel assembly on the dish rack is not covered by this warranty**. Wheel assembly W10350376 is poorly designed and quickly fails. Do not buy a Kitchen Aid or Whirlpool dishwasher that uses this wheel assembly.

- On November 12, 2015, Carol of Baltimore, MD wrote:

    I have a 4 year old Kitchenaid Dishwasher. We spent over $1,000 for it

BIRKA-WHITE

1    thinking we were investing in a very nice, long lasting machine. After a
     year, **the right clip on the top rack broke and needed to be repaired by a**
2    **technician. 6 months later the other side broke and we needed another**
     **service call.** In the last few weeks, all 8 wheels have fallen off the bottom
3    rack. We run the dishwasher about once every three days. I spoke to
     Kitchenaid customer service this morning via their online chat. The service
4    representative admitted that there were so many complaints about my model
     that it should have been recalled. She said there was nothing she could do
5    for me. **I called and spoke to a customer service representative and their**
     **supervisor and they both refused to provide the replacement parts.** My
6    model is KUDE40FXSP3. I will never buy another Kitchenaid product.
     Even when they know there's an issue, they will not take responsibility for
7    it.

8       •   On February 8, 2016, Monica of Pine Brook, NJ wrote:

9    Currently own a KitchenAid Dishwasher, Model KUDE4FXSS0. **The top**
     **rack detached from the sliding mechanism**. There are no signs of parts.
10   Afterwards two bottom wheels fell off on both sides. **Asked KitchenAid**
     **for assistance and they have to send a tech out at my cost**.
11

12      •   On June 11, 2013, Jerri of Valley Park, MO wrote:

13   The Plastic wheels on my $800 KitchenAid dishwasher Model
     KUDS30IX failed after a little over a year. My manual states that the rack
     is under warranty for 5 years... **KitchenAid says the warranty only**
14   **applies to the nylon coating on the rack, not the wheels. They gave me**
     **a one-time replacement part that failed again after 6 months.**
15

16   *See*, **Exhibit D** attached hereto (emphasis added).

17       34.    The Warranty purports to limit the rights and remedies of purchasers of the

18   dishwashers as follows:

19              a.      KitchenAid purports to disclaim any implied warranties, including the

20                      warranties of merchantability and fitness for a particular use;

21              b.      KitchenAid purports to disclaim responsibility for any "incidental,

22                      consequential damages" arising from the use or loss of use of or failure of

23                      the dishwasher to perform as warranted; and

24              c.      The Warranty purports to provide that, "YOUR SOLE AND EXCLUSIVE

25                      REMEDY UNDER THIS LIMITED WARRANTY SHALL BE PRODUCT

26                      REPAIR AS PROVIDED HEREIN."

27       35.    Each of these purported limitations and exclusions (the "Warranty Exclusions") is

28   unenforceable against Plaintiffs and the Class. The Warranty Exclusions were not bargained for by

KitchenAid and its customers but were imposed unilaterally by KitchenAid. The Warranty Exclusions are unfair in that they are outside the reasonable expectations of the parties thereto, deny consumers an effective remedy and purport to limit the rights of consumers in ways that are unenforceable under relevant state and federal law including, without limitation, the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act.

36.     The unfairness of these limitations in remedy are reinforced by unenforceable provisions of the Warranty stating that it is the "sole" and "exclusive remedy" for breach of warranty or for manufacturing or design defects and the purported exclusion of implied warranties. In fact, Plaintiffs and the proposed Class have substantial rights and remedies available to them both for breach of implied and express warranty and for redress arising from the defective nature of the dishwashers which KitchenAid cannot lawfully preclude them from asserting.

37.     The provisions described in Paragraph 34 above both individually and in combination, deprive Plaintiffs and the Class of any effective remedy for breach of KitchenAid's obligations to them.

38.     In addition to the representations contained in the Warranty, KitchenAid engaged in a marketing campaign for their "premium" dishwashers which are manufactured using "the highest quality standards."  The KitchenAid website asserted that: (1) "All large KitchenAid® appliances come with outstanding warranties that back up the premium quality of our appliances;" and (2) "You chose quality and dependability when you chose a KitchenAid brand appliance." Defendant knew by at least 2011 that there was a defect in the upper rack assembly that would cause the dishwashers to fail prematurely.

39.     The representations and warranties made by KitchenAid concerning the dishwashers were false because the upper rack assemblies prematurely fail due to a defect in the plastic components which cause the upper rack assembly to collapse, creating a serious risk of physical injury and property damage while also rendering the dishwashers substantially inoperable until the defective rack assembly is replaced. Further, members of the Class have stated publicly that KitchenAid has represented that the defective rack assembly is not covered under the terms of the Warranty.

CLASS ACTION COMPLAINT FOR DAMAGES

40. KitchenAid was obligated to disclose that: (1) the upper rack assemblies in the dishwasher have failed; and (2) the premature failure of the upper rack assembly posed a serious safety risk due to its sudden collapse which results in broken dishware and glassware.

41. KitchenAid was obligated to disclose these facts to Plaintiffs and the Class because: (1) the defect in the dishwashers poses an unreasonable safety risk; (2) disclosure was necessary to qualify affirmative representations made concerning the dishwashers in order to make such representations non-misleading; and (3) KitchenAid was uniquely in possession of the facts it did not disclose, knew that such facts were not available to Plaintiffs and the Class and knew that such facts would be highly material to any prospective purchaser or owner of a dishwasher.

42. Had KitchenAid disclosed these facts, Plaintiffs and the Class would not have purchased any dishwasher containing the defective upper rack assembly.

43. KitchenAid knew or should have known with testing that the upper rack assembly was defective and would fail prematurely.

44. Further, KitchenAid had actual knowledge of the defect in the upper rack assembly based upon consumer complaints concerning the defect since at least 2011.

45. A few additional examples of consumer complaints posted on www.consumeraffairs.com are as follows:

- On March 31, 2017, Betty of Henrico, VA wrote:

  Bought Kitchenaid  Model #KUDE40FXSS5 in 2012. Within first year the top rack fell off the runners and had to be replaced...This machine cost $1200 new.

- On February 11, 2016, Lorrie of Rainier, OR  wrote:

  KitchenAid Model KUDS30IXBL Purchased from Lowe's 3-29-14. Within a few months of purchase, the top rack wheel broke off.

- On August 11, 2015, Marcel of Renton, WA wrote:



I too experienced the dishwasher top rack roller failure. The top rack rollers are secured by (2) cheap very thin plastic spreader clips. These clips are approximately 3/16 wide by 1/16 thick. If just one of these cheap clips breaks - the roller wheel will separate causing the rack to collapse along with progressive failure of the adjoining roller wheel clips.

- On January 29, 2015, Sanat of Novi, MI wrote:

  2 years old dishwasher. *Within 6 months, top rack roller axles broke*.

- On January 18, 2015, Mel of O'Fallon, MO wrote:

  Purchased KitchenAid dishwasher model KUDS30FXSS5 in September 2012. *The cheap plastic upper rack assembly has broken three times*. The plastic parts to pull out the rack break every year and have fallen into the chopper causing further damage.

- On January 3, 2015, Jan of Brigham, UT wrote:

  Have only had my dishwasher *4 months and the top rollers broke*. I spent a lot of money to get what I was told was a good dishwasher, so having the rollers break after 4 months makes me angry. Then to find it isn't covered under warranty really made me mad. Kitchenaid should be honest and stand Behind their products!

- On November 23, 2014, Terry of Castle Rock, CO wrote:

  The top rack adjuster is what connects the upper rack to the pull out guide. In most Kitchenaid (and Whirlpool) dishwashers, the wheels of the adjuster are connected with a plastic axle. These axles will routinely break, causing the upper rack to fall onto the lower rack, or if you are luck, just separate from the wheel guide. If you bought washers with this design, you will have this problem. *We have had our KUDS30X... for about 3 years and have had to replace this part 7 times already*. The part costs about $25 a pop from online part stores. This part will eventually wear down and break no matter how careful you are when pulling out the top rack.

- On December 24, 2014, Sana of El Cajon, CA wrote:

  My Kitchen Aid Dishwasher Model KUDS3o1XSS4 Bought for $753.14 is three years old. It was working fine until the *wheel to the top rack broke in October*. I called the warranty department as I have a warranty bought for $127.37 just to discover that the warranty would not cover this kind of part even though I can't use the machine without it.

- On June 6, 2014, Gerry of Encino, CA wrote:

  Had dishwasher KUDS30IXSS *a little over a year and two small plastic parts on the upper glider both broke after just moderate use*. Outside of warranty by a few months and Whirlpool (Kitchenaid) sent their own repairman who said the two parts were $48...then charged $130 for labor and an additional $85 for the service call.

9

- On May 27, 2014, Scott of Decatur, AL wrote:



I also have a stainless steel KitchenAid dishwasher (KUDE40FXSS5) and while the machine is quiet and cleans reasonably well. **The adjuster assembly on the top rack has plastic tabs that become brittle and break, so that the wheels fall off. I have replaced this twice so far.** It is intensely frustrating! This problem could have been prevented with a metal tab instead of cheap plastic.

- On November 5, 2013, Kathryn of Gladwin, MI wrote:



I purchased a KitchenAid dishwasher in March 2011 from Lowe's. I chose the KitchenAid brand and paid a slightly higher amount as I was told they are well built and work better than any other brand on the market, and because I thought they would stand by their product. In December 2012, **the upper rack adjuster broke** because it is made of plastic and the dishwasher has the lift higher feature, that is used quite a bit. I contacted customer service and they said the part was out of stock and finally in late January I received the replacement part. **Last week it broke again, same place,** so I contacted customer service again and I asked them if anyone else has this issue and I was told they could not discuss this with me but there is no recall. Was told I am sorry but the part is in stock, call Marcone to order the part. The cost is $40.00 plus shipping. I am so angry right now. I have a dishwasher that is useless. Without the top rack in the upper spray unit will not work.

- On November 6, 2011, Marcello of Houston, TX wrote:

**We purchased a KUDS30CX in January 2011. First failure occurred in October 2011.** The roller spindle on the top cage snapped and the roller fell off. The plastic spindle seems to be too brittle. Second failure occurred November 2011 (less than 30 days from the first). This time, the whole dishwasher just plain quit.

See, **Exhibit E** attached hereto (emphasis added).

46.     Complaints have also been submitted directly to www.KitchenAid.com:

- On May 6, 2017, Purnima Kumar of Dalls, TX wrote:

  Bought 2 of these dishwashers 3 years ago.. **the racks broke**, the wheels broke, and now new of the them the repair guy said the motor is broken and needs replacement and its best to buy a new one...

- On July 20, 2016, Dishwasher Diva of Ellicott City, MD wrote:

  We bought this dishwasher 4 years ago for our new home. Since that time **we have spent approx. $600 in repairs for new racks/brackets (plastic parts for the top rack kept breaking)**.

- On December 30, 2015, Laura of Windermere, FL wrote:

  We purchased this product new 4 years ago. After the first year (like other customers who posted feedback) t**he cheap plastic parts on the top rack broke. We repaired and about 1.5 years they broke again**.

- On September 15, 2015, Aaron of Arizona wrote:

  The dishwasher upper rack has been an issue about 8 months after purchase. The parts are plastic and have broken. **I too found out that they would not cover under warranty.** Had to purchase parts in order to conveniently use the product properly.

- On June 21, 2014, Unhappyconsumer2 of Atlanta, GA wrote:

  We bought this unit in January of 2011 (to replace the 8 year old Kitchen Aid that was put in our home from our builder) and have had consistent problems with it ever since. **The upper rack is junk!! We have had it replaced four times in 3 1/2 years** (only once covered with warranty.) Two different repair companies have said how many of these they have to frequently replace.

- On December 24, 2013, NeverAgain4AsLongAsILive of Chico, CA wrote:

  **Rack repair will cost you a fortune...** I have had this dishwasher for two years. It cleans nicely if you use the recommended detergent. However, small plastic parts for the adjustable racks break every 3 - 4 months and they cost over $20 apiece.

- On November 19, 2013, Abrush of Pittsburgh, PA wrote:

  **Great dishwasher if the top rack didn't BREAK OVER AND OVER**

  In the 2 and a half years I've had this dishwasher the top rack adjusters have broken 6 times (each side has broken 3 times). It's crazy that a high end dishwasher like this would have the entire top rack suspended by tiny little plastic pins and wheels. Upon being heated and reheated the plastic becomes brittle and breaks causing the entire top rack to collapse.

*See*, **Exhibit F** attached hereto (emphasis added).

**D.    Reliance by Plaintiffs and the Class on Representations and Omissions Made by KitchenAid to the Distribution Chain and End Users**

47.    KitchenAid does not sell directly to end users. KitchenAid knew and intended that the dishwashers would be purchased by builders, developers, and individual owners from distributors and/or retailers for installation in properties throughout California.

48.    The dishwashers are sold to end users through distributors and retailers like Sears Roebuck & Co. ("Sears"), The Home Depot, and Lowes.  In certain instances, the dishwashers were sold to initial purchasers who were builders and developers for installation in newly built homes ("Initial Buyers"). The dishwashers purchased by Initial Buyers were ultimately installed in properties owned by Plaintiffs and other members of the Class.

49.    KitchenAid represented to Initial Buyers and members of the Class that the dishwashers were top of the line appliances that came with outstanding warranties for the premium quality appliance as alleged in Paragraph 38 above.  Plaintiff Bodley and members of the Class paid a premium price for the KitchenAid dishwasher based upon the representations and warranty as alleged herein.

50.    Defendant and Initial Buyers intended that all express and implied warranties were for the benefit of Plaintiffs and the Class, the owners of the properties in which the dishwashers were installed.  Defendant contracted with Initial Buyers to supply dishwashers to be installed in Plaintiffs' and Class Members' properties and knew that the Initial Buyers would not generally own or occupy such properties. The express and implied warranties would be of no economic value to Buyers unless the ultimate owner of the properties containing the dishwashers, Plaintiffs and Class Members, received the benefit of such warranties.

51.    At all times relevant herein, purchasers of the dishwashers relied on building contractors, real estate developers, retailers, distributors, and installers of the dishwashers to advise them concerning the advantages of purchasing a dishwasher.  Accordingly, Defendant's knew that if they wanted to sell the dishwashers to end users it had first to convince building contractors, real

1  estate developers, retailers, and distributors that they should recommend the purchase of

2  dishwashers manufactured by KitchenAid rather than dishwashers manufactured by others.

3       52.    Plaintiff Bodley and other members of the Class were exposed to Defendant's

4  representations and warranties as alleged herein by builders, developers, distributors, retailers and

5  installers in precisely the manner that KitchenAid intended.  No statement made by KitchenAid to

6  promote the sale of the dishwashers could fairly omit KitchenAid's knowledge that its product was

7  dangerous, would fail prematurely and had failed many times already.

8       53.    Plaintiff Bodley's exposure to Defendant's representations to Initial Buyers is

9  detailed in Paragraph 58 below.

10      **E.    Defendants' Failure to Warn Class Members and Its Effect**

11       54.    Defendant has been aware of the defect in the dishwashers since at least 2011.

12  Plaintiffs are informed and believe and thereon allege that Defendants have received hundreds if

13  not thousands of reports by distributors, sellers, and owners of the failed rack assemblies in the

14  dishwashers.  Despite its knowledge of these claims and the defect in the rack assemblies,

15  Defendant has not disclosed the defect or the risk of personal injury and property damage to its

16  customers.  Had Plaintiffs and the Class been aware of the defect, they would not have been

17  damaged as alleged herein.

18       55.    The failure of the upper rack caused property damage and exposed Plaintiff Matson

19  to an unreasonable and dangerous safety risk and property damage as described in Paragraph 64

20  below.  Her experience is comparable to the experience of dozens of other Class members.

21      • On January 3, 2015, Richard of Eclectic, AL wrote:

22      As noted in many other reviews there is a design issue with the upper
carriage. My wheels fell off New Years Eve and **the upper basket fell
23  down breaking 8 champagne glasses... several hundred dollars in
broken glasses.**.. dishwasher is 2 years old. Very unhappy.

24      • On November 5, 2014, Darrell of Livermore, CA wrote:

25      2/10/13 paid $1,000. for KitchenAid Dishwasher + extended warranty.
26  10/12/2014 **upper tray fell; plastic clips broken, glasses everywhere**.

27      • On July 2, 2013, C of East New Market, MD wrote:

28      When I pulled the top rack out to unload it, **the left side collapsed**

**without any warning, spilling dishes and glasses down onto the crockery in the bottom rack and out onto the floor.** When I looked for the cause, it was obvious that one of the two flimsy plastic "spring" pegs that retain each wheel of the upper rack on its axle had broken. This allowed the wheel to pull off the axle and thereby allow the entire left side of the top rack to collapse. It seems to me the axles on the rack adjuster (part number W10350376) are very poorly designed and is not made as solidly as the wheels on the lower rack. This is despite the fact that both upper and lower racks are of the same dimensions and so to me as an average consumer, both should be able to support a full load of dishes.

*See*, **Exhibit G** attached hereto (emphasis added).

56.     Plaintiffs and members of the Class do not know the dishwasher is defective until the upper rack assembly collapses and breaks.  This fact, combined with Defendant's refusal to provide reasonable and adequate notice to members of the Class regarding the safety-related defects in the dishwashers severely compromises the rights of class members to be apprised of the latent defect and related safety risk in or order to make legitimate claims against Defendant. This unfair practice by Defendant further places members of the Class at risk of incurring costs to repair and replace the defective component.  Further, members of the Class have stated publicly that the KitchenAid has represented that the defective upper rack assembly is not covered under the terms of the Warranty.

## VI.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A.     Plaintiff James Bodley

57.     Plaintiff James Bodley purchased a brand-new luxury home in November 2012 built by Toll Brothers.  Toll Brothers has an established reputation as a luxury home builder who installs high-quality brand name products.

58.     As part of their home purchase, Mr. Bodley and his wife went to the Toll Brothers Design Center to meet with a design specialist to select additional amenities and finishes for installation in their new home including, but not limited to, kitchen appliances, flooring, and bathroom fixtures.  The Bodleys spent approximately four hours meeting with the design specialist who discussed and reviewed their options with them.  They were not shown actual appliances. Instead, Mr. Bodley and his wife relied on the representations and warranties made by the design specialist who told them the KitchenAid appliances were top of the line, of good quality, reliable

1   and superior to the alternative brand. After meeting with the design specialist, Mr. Bodley was left

2   with the impression that KitchenAid provided the highest quality appliances with the highest

3   warranties.  Based on these representations and warranties, Mr. Bodley purchased the KitchenAid

4   package from Toll Brothers which included a stainless steel KitchenAid dishwasher, model No.

5   KUDS30FXSS5, stove and microwave.  Mr. Bodley paid $1,888 for the upgraded KitchenAid

6   package, which was approximately $1,300 more than the alternative packaged brand offered by

7   Toll Brothers.

8        59.     The upper rack assembly in Mr. Bodley's dishwasher failed on or about April 11,

9   2017, as he was pulling out the top rack to load dishes. Attached hereto as **Exhibit H** are

10  photographs of the failed rack assembly.  Mr. Bodley purchased a replacement upper rack assembly

11  to repair his dishwasher online from Sears for $35.51.  When the replacement parts arrived, He

12  found the installation instructions to be too difficult to follow. Accordingly, Mr. Bodley paid a

13  Sears technician approximately $219.14 to install the replacement parts, a portion of which was

14  attributable to repairs to the lower rack assembly.  It took the Sears technician approximately one

15  hour to install the replacement parts.  Mr. Bodley was without a fully functioning dishwasher for

16  several weeks until the dishwasher was repaired.

17       60.     Upon purchasing his home, Mr. Bodley received an instruction manual for his

18  KitchenAid dishwasher which included a copy of the KitchenAid warranty.  A copy of the

19  warranty Mr. Bodley received is attached hereto as Exhibit B.  Mr. Bodley relied on the

20  representations and warranties stated in Paragraphs 31-32 and 58. Were it not for these

21  representations and warranties, Mr. Bodley would not have purchased the KitchenAid dishwasher.

22  Had KitchenAid informed Toll Brothers of the defect with the upper rack assembly and attendant

23  safety risk, the design specialist would not have recommended that Mr. Bodley purchase the

24  KitchenAid dishwasher for installation in his new home. Further, Mr. Bodley recommended the

25  KitchenAid dishwasher to his daughter whose upper rack assembly also failed.

26       61.     On June 12, 2017, Mr. Bodley's counsel provided KitchenAid with notice of its

27  breach of warranty and CLRA violations and demanded that Defendant (1) pay all costs to

28  investigate, repair, and replace all of the defective upper assembly rack systems utilized in

BIRKA-WHITE

1   dishwashers own by Plaintiffs and members of the Class; and (2) provide notice to consumers of

2   the defect.   A copy of the notice is attached hereto as Exhibit C.

3       62.     KitchenAid failed to provide or offer to provide remedies for its breach of warranty

4   and CLRA violations.

5               **B.       Plaintiff  Kyle Matson**

6       63.     Plaintiff Kyle Matson purchased a home in late November 2013 which was

7   equipped with a KitchenAid dishwasher, Model No. KUDS30FXSS5. The home was built in

8   November 2012 and purchased by the original owner on or about November 1, 2012**.** Had

9   Ms. Matson been aware of the defects with the dishwasher she would have sought an adjustment of

10  the purchase price to account for the replacement of the defective dishwasher.

11      64.     The upper rack assembly in Ms. Matson's dishwasher failed in or about June or July

12  2016 as she was loading the top rack with dishes. She loaded an 8 x 8 size glass Pyrex dish onto the

13  top rack and continued loading when the rack assembly on the right side suddenly failed sending

14  the glass dish crashing down. The glass dish shattered into dozens of pieces and sent shards of glass

15  not only onto the lower rack of the dishwasher but onto the kitchen floor and countertop.  The force

16  of the impact turned the shattered glass into small projectiles which scratched the inside of the

17  dishwasher as well as the wall of the kitchen island directly in front of the dishwasher.  The glass'

18  impact with the kitchen island was so great that it scratched the custom blue paint leaving chipped

19  paint. Ms. Matson spent a considerable amount of time picking up the shattered glass from inside

20  the dishwasher and the kitchen floor.

21      65.     Ms. Matson purchased replacement parts online from Sears at a cost of

22  approximately $50.00.  For several weeks she was without a fully functioning dishwasher.  When

23  the replacement parts arrived, Ms. Matson and her husband found the instructions to be too difficult

24  to follow.  She paid a repairman $100.00 to install the replacement parts.  Ms. Matson will incur

25  additional costs to repair the damage to her kitchen island and replace the broken dish, according to

26  proof.

27      66.     On June 12, 2017, Ms. Matson's counsel provided KitchenAid with notice of its

28  breach of warranty and demanded that Defendant (1) pay all costs to investigate, repair, and replace

1    all of the defective upper assembly rack systems utilized in KitchenAid dishwashers; and

2    (2) provide notice to consumers of the defect.  A copy of the notice is attached hereto as Exhibit C.

3          67.      KitchenAid failed to provide or offer to provide remedies for its breach of warranty

4    violations.

5    **VII.   CLASS ALLEGATIONS**

6          68.      Plaintiff brings this action as a class action pursuant to Federal Rule of Civil

7    Procedure 23, on behalf of themselves and all others similarly situated (the "Class").

8          69.      The Class which Plaintiffs seek to represent in this action is composed of three

9    classes defined as follows:

10    **Nationwide Purchaser Class**: All persons in the United States who purchased a

11    KitchenAid dishwasher with an upper rack assembly bearing part number W10350375 or

12    W10350376, as depicted in Exhibit A hereto.

13    **Nationwide Subsequent Purchaser Consumer Subclass**: All persons who purchased

14    private residences in which a KitchenAid dishwasher with an upper rack assembly bearing

15    part number W10350375 or W10350376, as depicted in Exhibit A hereto is installed.

16    **California Class**: All persons in California who purchased a KitchenAid dishwasher with

17    an rack upper assembly bearing part number W10350375 or W10350376, as depicted in

18    Exhibit A hereto.

19    **California Consumer Subclass**: All persons who purchased a KitchenAid dishwasher with

20    an upper rack assembly bearing part number W10350375 or W10350376, as depicted in

21    Exhibit A hereto for installation on a private residence in California who are consumers

22    within the meaning of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791,

23    and the Consumer Legal Remedies Act, Cal. Civ. Code § 1761.

24    **California Subsequent Purchaser Subclass**: All persons who purchased private residences

25    in California in which a KitchenAid dishwasher with an upper rack assembly bearing part

26    number W10350375 or W10350376, as depicted in Exhibit A hereto is installed.

27          70.      The California Consumer Subclass, California Subsequent Purchaser Subclass and

28    the Nationwide Subsequent Purchaser Consumer Subclass are referred to herein collectively as the

BIRKA-WHITE

1    "Consumer Subclasses."

2        71.    The following persons are excluded from the Class: (1) all Defendant and their

3    subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the

4    Class; and (3) the judge(s) to whom this case is assigned and any immediate family members

5    thereof.

6        72.    Plaintiffs reserve the right to modify or amend the Class definition, as appropriate.

7        73.    Certification of Plaintiffs' claims for class wide treatment is appropriate because

8    Plaintiffs can prove the elements of their claims on a class-wide basis and because this case meets

9    the requirements of Federal Rule of Civil Procedure 23.

10       74.    **Numerosity (Rule 23(a)(1)).**  The members of the Class are so numerous that

11   individual joinder of all the members is impracticable.  Plaintiffs are informed and believe, and

12   thereon allege, that there are at least thousands of purchasers who have been damaged by the

13   conduct alleged herein.

14       75.    **Commonality and Predominance (Rule 23(a)(2) and (b)(3)).**  This action involves

15   common questions of law and fact which predominate over any questions affecting individual class

16   members including, without limitation, the following:

17       a.     Whether Defendant violated California's Unfair Competition Law, Bus. & Prof.

18              Code § 17200 *et seq*., by, among other things, engaging in unfair, unlawful, or

19              fraudulent practices;

20       b.     Whether Defendant violated California's Consumer Legal Remedies Act, Civ. Code

21              §1750 *et seq*., by falsely advertising the dishwashers were of a certain quality when

22              in fact, they were not;

23       c.     Whether Defendant breached its express warranties to Plaintiffs and the Class;

24       d.     Whether Defendant breached its implied warranties to Plaintiffs and the Class; and

25       e.     Whether Plaintiffs and the Class are entitled to compensatory damages, and the

26              amount of such damages.

27       76.    **Typicality (Rule 23(a)(3)).**  Plaintiffs' claims are typical of the claims of the Class

28   because Plaintiffs, like all members of the Class, have been damaged by Defendants' unlawful

BIRKA-WHITE
LAW OFFICES

conduct, in that Plaintiffs have and will incur the cost of repairing and/or replacing the dishwashers. The factual bases and causes of action for Plaintiffs' claims are common to all members of the Class and represent a common course of misconduct resulting in injury to all Class members.

77. **Adequacy of Representation (Rule 23(a)(4)).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class and they have retained counsel competent and experienced in complex class action litigation and who specialize in class actions involving defective construction products.  Plaintiffs intend to prosecute this action vigorously and the interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

78. **Superiority (Rule 23(b)(3)).** A class action is superior to all other available means for the fair and efficient adjudication of this controversy in that:

a. The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent or varying adjudications which would establish incompatible results and standards for Defendants;

b. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their own separate interests;

c. Class action treatment avoids the waste and duplication inherent in potentially thousands of individual actions, and conserves the resources of the courts; and

d. The claims of individual class members are not large when compared to the cost required to litigate such claims. The individual Class members' claims are on average approximately $25-$250 representing out-of pocket costs associated with the materials and labor to repair the Defect.  Given the high cost of litigation, it would be impracticable for the members of the Class to seek individual redress for Defendant's wrongful conduct.  The class action device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  The case presents no significant management difficulties which outweigh

1   these benefits.

2   79.   **Notice.**  Plaintiff cannot be certain of the form and manner of class notice it will

3   propose until the class is finally defined and some discovery concerning the identity of Class

4   members is undertaken. Based on the experience of its counsel in previous cases, however, Plaintiff

5   anticipates that notice by mail will be given to all Class members who can be identified specifically

6   and that this notice will be supplemented by notice published in appropriate periodicals, notice

7   published on the Internet and by press releases and similar communications to relevant industry and

8   trade groups.

9   **VIII.   DAMAGES**

10   80.   As a result of the facts alleged herein, Plaintiffs and the Class have been damaged in

11   one or more of the following amounts:

12   a.   The difference in market value between the dishwashers and dishwashers

13   that are not defective.

14   b.   The cost of repairing and/or replacing the dishwasher, and any other amounts

15   necessary to return Plaintiffs and the Class to the position they would have enjoyed had they not

16   purchased the dishwashers.

17   c.   The cost of hiring a third party to install the replacement parts.

18   **IX.   STATUTE OF LIMITATIONS**

19   81.   **Discovery Rule**.  The defective nature of the dishwasher is latent and not

20   perceptible to Plaintiffs and the Class.  Plaintiffs and the Class did not become aware that they had

21   suffered losses caused by the defective dishwashers until the rack assembly failed.

22   82.   **Tolling**.  Any applicable statutes of limitation have been tolled.  Without any fault

23   or lack of diligence on their part, Plaintiffs and the Class have been kept ignorant of vital

24   information essential to the pursuit of these claims.  Plaintiffs and the Class could not reasonably

25   have discovered the problems associated with the dishwasher on their own until the failure

26   occurred.

27   83.   **Estoppel**.  Defendant is estopped from relying on any statutes of limitation in

28   defense of this action.  Defendant was under a continuous duty to disclose to Plaintiffs and the

1   Class the true character, quality and nature of the dishwashers, especially because the problems

2   associated with the dishwashers pose unreasonable safety risks due to breakage of class and other

3   items when the rack assembly fails.  Defendant failed to disclose the true character, quality, and

4   nature of the dishwashers.  Plaintiffs and the Class reasonably relied upon Defendant's active

5   concealment of these facts.  Had the true facts been disclosed, Plaintiffs and the Class would not

6   have purchased the dishwashers or would have required the dishwashers to be removed from

7   properties in which they were installed prior to purchase.

8   ### **FIRST CAUSE OF ACTION**

9   **(For Violation of the California Consumer Legal Remedies Act)**

10   **(Plaintiff Bodley and the Consumer Subclasses Against KitchenAid)**

11   84.     Plaintiffs incorporate by reference each allegation set forth in the preceding

12   paragraphs.

13   85.     The dishwashers are "goods" as defined by Civil Code § 1761(a).

14   86.     KitchenAid is a "person" as defined by Civil Code § 1761(c).

15   87.     Plaintiff Bodley and members of the Consumer Subclasses are "consumers" as

16   defined by Civil Code § 1761(d) who purchased the dishwashers for personal, family, and

17   household purposes.

18   88.     The purchase by Plaintiff Bodley and members of the Consumer Subclasses of the

19   dishwashers are "transactions" as defined by Civil Code § 1761(e) and 1770.

20   89.     Under the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1770, *et seq.*,

21   the following methods of competition and unlawful when any person in a transaction intended to

22   result or which results in the sale or lease of goods or services to any consumer:

23           a.      Representing that goods … have sponsorship, approval, characteristics,

24                   ingredients, uses, benefits, or quantities which they do not have." Civil Code

25                   § 1770(a)(5).

26           b.      Representing that goods … are of a particular standard, quality, or grade, or

27                   that goods are of a particular style or model, if they are of another." Civil

28                   Code § 1770(a)(7).

   c.  Inserting an unconscionable provision in the contract.  Civil Code §

1770(a)(19).

90.  Defendant violated Civil Code §§ 1770(a)(5) and (a)(7) by failing to disclose at the

point of sale, or otherwise, that the dishwasher's upper rack assembly was defective and posed an

unreasonable risk of personal injury and property damage.  Instead, KitchenAid represented,

through advertising and other express representations that the dishwashers were of premium

quality, reliable and superior to other brands as alleged herein.

91.  Defendant violated Civil Code § 1770(a)(19) by including in the Warranty the

unconscionable Warranty Exclusions.

92.  Had Plaintiff Bodley and members of the Consumer Subclasses known that the

representations and warranties made by Defendant concerning the dishwashers were false or had

they been aware of the facts Defendant were obligated to disclose, Plaintiff Bodley and members of

the Consumer Subclasses would not have purchased the dishwashers or purchased properties in

which the dishwashers were installed. Plaintiff Bodley and members of the Consumer Subclasses

would not have made these purchases because: (1) if Initial Buyers, builders, distributors, retailers

and sellers had known of the falsity of Defendant's representations and warranties, or had

Defendant disclosed the facts it was obligated to disclose, they would have recommended against

the purchase of the dishwashers and/or would not have installed dishwashers manufactured by

others in newly constructed single-family homes; and (2) irrespective of such recommendations, if

Plaintiff Bodley and the Consumer Subclasses had been aware of the falsity of Defendants'

representations and warranties or become aware of the facts Defendant was obligated to disclose,

they would not have purchased the dishwashers or would have insisted that the dishwashers be

removed and replaced.

93.  Defendant was aware of the defect in the upper rack assembly at the time of sale to

Plaintiff Bodley and the Class.

94.  Plaintiff Bodley served Defendant with notice of their violations of the CLRA

pursuant to Civil Code § 1782 (the "Notice") by certified mail on June 12, 2017.  A copy of the

Notice is attached hereto as Exhibit C.  Defendant failed to provide or offer to provide remedies for

BIRKA-WHITE

1   its violations of the CLRA within 30 days of the date of the Notice.

2       95.     Venue is proper pursuant to Civil Code § 1780(c) because Defendant does business

3   in Contra Costa County and the actions giving rise to this complaint arose in this jurisdiction.

4   Attached hereto as **Exhibit I** is the Declaration of James Bodley establishing this Court as the

5   proper venue for this action.

6       96.     As a result of Defendant's unfair and deceptive acts and practices, Plaintiff Bodley

7   and members of the Consumer Subclasses have been harmed and seek actual damages according to

8   proof, attorneys' fees and costs and such other relief as the court deems proper.

9                           **SECOND CAUSE OF ACTION**

10                          **(For Breach of Express Warranty)**

11                 **(By Plaintiffs and the Class against KitchenAid)**

12      97.     Plaintiffs incorporate by reference each allegation set forth in the preceding

13  paragraphs.

14      98.     Defendant made the representations warranties described in Paragraphs 31-32

15  (Written Warranty), 38 (website representations) and 49.

16      99.     Defendant is not entitled to enforce the Warranty Exclusions described in Paragraph

17  34 because they are unconscionable and violate the provisions of applicable law including, without

18  limitation, the Song-Beverly Consumer Warranty Act and the Magnuson – Moss Warranty Act.

19      100.    Because the dishwashers either have failed or are certain to fail prematurely,

20  Defendant is in breach of the Warranty. The breaches of the Warranty issued to Plaintiffs are

21  detailed in Paragraphs 58-62 (Bodley) and Paragraphs 64-67 (Matson). Warranties to the Plaintiffs

22  and the Class have also been breached because the dishwashers have failed or will fail prematurely

23  and because KitchenAid has asserted the upper rack assembly is not covered under the warranties

24  described in Paragraph 33 above.

25      101.    Plaintiffs have notified KitchenAid of its breach of the Warranty. In addition, the

26  Notices attached hereto as Exhibits C provided Defendant with timely notice on behalf of the Class

27  of the breach of the Warranty and the invalidity of the Warranty Exclusions alleged herein.

28      102.    Defendant has failed to remedy the breach of its obligations to Plaintiffs and the

1  Class. Further, while the Warranty provides that KitchenAid will repair or replace defects which

2  existed at the time of purchase, complaints submitted by members of the Class demonstrate that

3  KitchenAid is refusing to honor its warranty regarding the defective upper rack assembly as alleged

4  in Paragraphs 33, 61-62, and 66-67 above.

5      103.    As a result of Defendant's breach of the Warranty and the warranties detailed herein

6  Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

7                                **THIRD CAUSE OF ACTION**

8            **(Breach of Express Warranty - Magnuson-Moss Warranty Act)**

9            **(By Plaintiffs and the Consumer Subclasses against KitchenAid)**

10     104.    Plaintiffs incorporate by reference each allegation set forth in the preceding

11  paragraphs.

12     105.    The allegations of this Claim for Relief are based on the breaches of warranty

13  addressed fully in the Second Claim for Relief. The specific allegations of the Complaint relevant

14  to that claim are detailed therein.

15     106.    The dishwashers are a consumer product as defined in 15 U.S.C. § 2301(1).

16     107.    Plaintiffs and the members of the Consumer Subclasses are consumers as defined in

17  15 U.S.C. § 2301(3).

18     108.    Defendant KitchenAid is a "supplier" and "warrantor" as defined in

19  15 U.S.C. § 2301(4) and (5).

20     109.    The express warranties pertaining to the dishwashers are "written warranties" within

21  the meaning of 15 U.S.C. § 2301(6).

22     110.    Additionally, pursuant to 15 U.S.C. § 2304(d)(1), KitchenAid may not assess

23  Plaintiffs or the Consumer Subclasses any costs the warrantor or his representatives incur in

24  connection with the required remedy of a warranted product…[I]f any incidental expenses are

25  incurred because the remedy is not made within a reasonable time or because the warrantor

26  imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the

27  consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any

28  action against the warrantor."  KitchenAid has refused to pay all costs associated with the repair or

BIRKA-WHITE

1   replacement of the dishwashers.

2       111.    Plaintiffs have provided KitchenAid with notice of breach of the Warranty and a

3   reasonable opportunity to cure the breach.  In addition, the Notice afforded KitchenAid notice on

4   behalf of the Consumer Subclasses of its breach of the Warranty and a reasonable opportunity to

5   remedy the breach.  KitchenAid has failed to remedy the breach of its obligations to the Consumer

6   Subclasses under the Warranty.

7       112.    As a direct and proximate result of the acts and omissions of Defendant KitchenAid

8   as set forth herein, Plaintiffs and the Consumer Subclasses have been damaged as detailed in

9   Paragraph 80 in an amount to be proven at trial.

10   **FOURTH CAUSE OF ACTION**

11   **(Breach of Express Warranty under Song-Beverly Consumer Warranty Act)**

12   **(By Plaintiffs and the Consumer Subclasses against KitchenAid)**

13       113.    Plaintiffs incorporate by reference each allegation set forth in the preceding

14   paragraphs.

15       114.    The allegations of this Claim for Relief are based on the breaches of warranty

16   addressed fully in the Third Claim for Relief. The specific allegations of the Complaint relevant to

17   that claim are detailed therein.

18       115.    The dishwashers are consumer goods within the meaning of California's Song-

19   Beverly Consumer Warranty Act.

20       116.    Defendant KitchenAid is a "manufacturer" within the meaning of the statute.

21       117.    Plaintiffs and members of the Consumer Subclasses purchased dishwashers within

22   the State of California.

23       118.    As alleged previously, KitchenAid breached the Warranty.

24       119.    Plaintiffs have provided KitchenAid with notice of breach of the Warranty and a

25   reasonable opportunity to cure the breach.  In addition, the Notice afforded KitchenAid notice on

26   behalf of the Consumer Subclasses of its breach of the warranty and a reasonable opportunity to

27   remedy the breach.  KitchenAid has failed to remedy the breach of its obligations to the Consumer

28   Subclasses under the Warranty.

1    120.    As a result of KitchenAid's breach of the warranty, Plaintiffs and the Consumer

2    Subclasses have been damaged as detailed in Paragraph 80 in an amount to be proven at trial.

3    **FIFTH CAUSE OF ACTION**

4    **(Breach of Implied Warranty)**

5    **(By Plaintiffs and the Class Against KitchenAid)**

6    121.    Plaintiffs incorporate by reference each allegation set forth in the preceding

7    paragraphs.

8    122.    The sale by Defendant of the dishwashers was accompanied by implied warranties

9    that the dishwashers were merchantable and fit for the ordinary purpose for which such products

10   were sold (the "Implied Warranties").

11   123.    The dishwashers manufactured and sold by Defendant were defectively designed

12   and manufactured and contained latent defects at the time of manufacture and sale.

13   124.    At all times, Plaintiffs have used their dishwashers in a foreseeable manner and in

14   the manner in which they were intended to be used. The Defect, which existed at the time the

15   dishwashers were sold to Plaintiffs or their agents, rendered them unfit for the ordinary purpose for

16   which dishwashers are used.

17   125.    KitchenAid issued the Warranty to Plaintiffs and the Initial Purchaser Subclass.

18   KitchenAid also extended the benefit of the Warranty to members of the Subsequent Purchaser

19   Subclass because the Warranty only requires that the original purchase date for the dishwasher be

20   supplied.  KitchenAid is therefore in direct privity with each Plaintiff and all members of the Class.

21   126.     Further, the Implied Warranties incorporated into the transaction between

22   KitchenAid and Initial Buyers were intended solely to benefit Plaintiffs and the Class.  KitchenAid

23   does not sell directly to end users.  Plaintiffs and the Class are therefore entitled to enforce the

24   Implied Warranties against KitchenAid.

25   127.    This intent is evidenced, *inter alia*, by the fact that the written warranty issued by

26   KitchenAid extends not only to end users but to their successors. All that is needed is proof of the

27   original purchase date of the dishwasher.  Further, the Implied Warranties made by KitchenAid to

28   the Initial Buyers would be of no economic value to the Initial Buyers unless Plaintiffs and Class

BIRKA-WHITE

1  received the benefit of such warranties. The Initial Buyers are not users of the dishwashers. The

2  economic benefit of implied warranties made by KitchenAid to the Initial Buyers depends on the

3  ability of end users who buy their products to obtain redress from KitchenAid if the warranties are

4  breached.

5        128.    Under *Gilbert Financial Corp. v. Steelform Contracting Co*. (1978) 82 Cal. App. 3d

6  65, the Implied Warranties made by KitchenAid to the Initial Buyers are enforceable whether or

7  not Plaintiffs or the Class were in privity of contract with KitchenAid.  The implied warranties

8  made by KitchenAid to Initial Buyers and others in the distribution chain would be of no economic

9  value to them unless Plaintiffs and the Class received the benefit of such warranties.

10        129.    KitchenAid breached the Implied Warranties by manufacturing and selling

11  dishwashers which, at the time of sale, were: (1) not fit for their intended use, and (2) not of a

12  merchantable quality. The dishwashers are neither merchantable nor fit for their intended use

13  because: (1) the latent defect in the dishwashers insures that they will fail prematurely and therefore

14  fail to clean dishes; and (2) the dishwashers are defective and dangerous in that the upper rack

15  assembly suddenly and unexpectedly collapses, causing glassware and other dishes to fall and

16  shatter, which can result in serious physical injuries and property damage.  Purchasers of the

17  dishwashers would not accept the safety risk posed by broken glass resulting from the failure of the

18  rack assemblies in the dishwashers when there are other products for sale which do not present this

19  risk.

20        130.    Defendant has received timely notice of the breach of warranty alleged herein by

21  reason of its own knowledge of the defect in the dishwashers.

22        131.    Further, Plaintiffs have provided KitchenAid with notice of breach of the Implied

23  Warranties and a reasonable opportunity to cure the breach.  In addition, the Notices attached

24  hereto as Exhibit B afforded Defendant notice on behalf of the Class of its breach of the Implied

25  Warranties and a reasonable opportunity to remedy the breach.  Defendant has failed to remedy the

26  breach of its obligations to the Class under the Implied Warranties.

27        132.    Because the dishwashers either have failed or are certain to fail prematurely,

28  Defendant is in breach of the Implied Warranties.

1    133.    Defendants have failed to remedy the breach of the Warranty for either Plaintiffs or

2  the Class.

3    134.    As a direct and proximate result of Defendant's breach of the Implied Warranties,

4  Plaintiffs and members of the Class have been damaged in an amount to be proven at trial.

5    **SIXTH CAUSE OF ACTION**

6    **(Breach of Implied Warranty - Magnuson-Moss Warranty Act)**

7    **(By Plaintiffs and the Consumer Subclasses against KitchenAid)**

8    135.    Plaintiffs incorporate by reference each allegation set forth in the preceding

9  paragraphs.

10    136.    The allegations of this Claim for Relief are based on the breaches of warranty

11  addressed fully in the Fifth Claim for Relief. The specific allegations of the Complaint relevant to

12  that claim are detailed therein.

13    137.    Plaintiffs and the Consumer Subclasses are consumers as defined in 15 U.S.C.

14  § 2301(3).

15    138.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

16    139.    The dishwashers are consumer products as defined in 15 U.S.C. § 2301(1).

17    140.    Under 15 U.S.C. §2301(7), Defendant extended the Implied Warranties to Plaintiffs

18  and the Consumer Subclasses.

19    141.    Defendant breached the Implied Warranties by selling dishwashers that were neither

20  merchantable nor fit for their intended purpose.

21    142.    Under 15 U.S.C. §2310(e), notice of breach of warranty need not be provided until

22  after Plaintiffs have been appointed Consumer Subclasses Representatives.

23    143.    Plaintiffs have provided Defendants with notice of breach of the Implied Warranties

24  and a reasonable opportunity to cure the breach.  In addition, the Notice afforded Defendants notice

25  on behalf of the Consumer Subclasses of its breach of the Implied Warranties and a reasonable

26  opportunity to remedy the breach.  Defendant has failed to remedy the breach of its obligations to

27  the Consumer Subclasses under the Implied Warranties.

28    144.    As a result of Defendant's breach of the Implied Warranties, Plaintiffs and the

BIRKA-WHITE

1    Consumer Subclasses have been damaged as detailed in Paragraph 80 in an amount to be proven at

2    trial.

3    ### SEVENTH CAUSE OF ACTION

4    **(Breach of Implied Warranty under Song-Beverly Consumer Warranty Act)**

5    **(By Plaintiffs and the Consumer Subclasses against KitchenAid)**

6    145.    Plaintiffs incorporate by reference each allegation set forth in the preceding

7    paragraphs.

8    146.    The allegations of this Claim for Relief are based on the breaches of warranty

9    addressed fully in the Fifth Claim for Relief. The specific allegations of the Complaint relevant to

10   that claim are detailed therein.

11   147.    Under the Song-Beverly Consumer Warranty Act, Civ. Code § 1792, *et seq*., every

12   sale of consumer goods in the State of California is accompanied by both a manufacturer's and

13   retail seller's implied warranty that the goods are merchantable.

14   148.    The dishwashers are consumer goods within the meaning of the statute.

15   149.    Defendant KitchenAid is a "manufacturer" within the meaning of the statute.

16   150.    Plaintiffs and Consumer Subclasses Members purchased dishwashers in the State of

17   California.

18   151.    By operation of law, all Defendant made the Implied Warranties to Plaintiffs and the

19   Consumer Subclasses concerning the dishwashers.

20   152.    Defendant has breached the Implied Warranties by selling dishwashers which were

21   not of merchantable quality and which failed to perform the tasks for which they were intended.

22   153.    Plaintiffs and all other Consumer Subclasses Members do not have to be in privity

23   with KitchenAid in order to enforce the Implied Warranties.  Civil Code § 1792, which provides

24   that "[u]nless disclaimed in the manner prescribed by this chapter, every sale of consumer goods

25   that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's

26   implied warranty that the goods are merchantable," has no privity requirement.

27   154.    Further, for the reasons stated in Paragraphs 47 through 51, Plaintiffs and the Class

28   are intended beneficiaries of the Implied Warranties between KitchenAid and the Buyers and are

1    therefore entitled to enforce the Implied Warranties against KitchenAid.

2         155.    Plaintiffs have provided KitchenAid with notice of breach of the Implied Warranties

3    and a reasonable opportunity to cure the breach.  In addition, the Notice afforded Defendant notice

4    on behalf of the Consumer Subclasses of its breach of the Implied Warranties and a reasonable

5    opportunity to remedy the breach.  Defendant has failed to remedy the breach of its obligations to

6    the Consumer Subclasses under the Implied Warranties.

7         156.    As a result of Defendant's breaches of the Implied Warranties, Plaintiffs and

8    Consumer Subclasses Members have been damaged as detailed in Paragraph 80 in an amount to be

9    proven at trial.

10                          **EIGHTH CAUSE OF ACTION**

11                   **(For Violation of Unfair Competition Law)**

12                 **(By Plaintiffs and the Class against KitchenAid)**

13        157.    Plaintiffs incorporate by reference each allegation set forth in the preceding

14   paragraphs.

15        158.    Pursuant to Bus. & Prof. Code § 17200, "unfair competition shall mean and include

16   any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

17   misleading advertising."

18        159.    Defendant's actions, as alleged herein, constitute deceptive, unfair, fraudulent, and

19   unlawful practices committed in violation of the Bus. & Prof. Code § 17200, *et seq*.

20        160.    All of the conduct and representations alleged herein occurred in the course of

21   Defendant's business and were part of a pattern or generalized course of conduct.

22        161.    Defendant's conduct was fraudulent because KitchenAid failed to disclose the safety

23   risks associated with the sudden collapse of the upper rack assembly.

24        162.    Defendant's conduct was unlawful because it violated the Consumer Legal

25   Remedies Act, Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act as

26   previously alleged.

27        163.    Defendant's deceptive, unfair, fraudulent, and unlawful conduct alleged herein was

28   specifically designed to and did induce Plaintiffs and members of the Initial Purchaser Subclass to

1   purchase the dishwashers.

2   164.   Plaintiffs and members of the Initial Purchaser Subclass reasonably and justifiably

3   relied on Defendant's deceptive, unfair, and unlawful conduct alleged herein.  But for such

4   conduct, Plaintiffs and members of the Initial Purchaser Subclass would not have purchased the

5   dishwashers.

6   165.   The Warranty Exclusions and nondisclosure of the safety risk and property damage

7   resulting from the failure of the dishwashers are unfair in that they: (1) violate public policy as

8   expressed in the Consumer Legal Remedies Act, the Magnuson-Moss Warranty Act and the Song-

9   Beverly Consumer Warranty action; (2) are immoral, unethical, oppressive, unscrupulous and

10  substantially injurious to consumers and these factors are not offset by the utility of KitchenAid's

11  conduct since the conduct is intended to and does only provide impediments to the assertion of

12  valid claims for recovery and limit the damages which Defendant is legally obligated to

13  compensate; and (3) inflict injury on consumers which is not outweighed by any countervailing

14  benefits to consumers or competition and the injury to consumers is one consumers could

15  reasonably have avoided.

16  166.   As a result of Defendant's unfair methods of competition and unfair or deceptive

17  acts or practices, Plaintiffs and members of the Initial Purchaser Subclass have suffered injury-in-

18  fact, lost money, and lost property, in that they have incurred actual costs to repair and/or replace

19  their dishwashers.

20  167.   Plaintiffs and Class Members seek to recover from Defendants restitution of

21  earnings, profits, compensation and benefit obtained as a result of the practices that are unlawful

22  under Bus. & Prof. Code § 17200 *et seq*., according to proof.

23  **PRAYER FOR RELIEF**

24  WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays

25  the Court to certify the Class as defined hereinabove, to enter judgment against Defendant and in

26  favor of the Class, and to award the following relief:

27  1.   For Certification of the proposed Class and each Subclass thereof;

28  2.   For compensatory damages as alleged herein, according to proof;

31

3.      For restitution and/or disgorgement of revenues, earnings, profits, compensation, and benefits which were received by Defendant as a result of unlawful business acts or practices, according to proof;

4.      For an order requiring Defendant to engage in a notice and/or recall campaign.

5.      For exemplary and punitive damages according to proof;

6.      For costs and attorneys' fees, as allowed by law; and

7.      For such other further legal or equitable relief as this Court may deem appropriate under the circumstances.

DATED: September 19, 2017                    Respectfully submitted,

BIRKA-WHITE LAW OFFICES

By: _____
        DAVID M. BIRKA-WHITE

David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
Mindy M. Wong (State Bar No. 267820)
mwong@birka-white.com
BIRKA-WHITE LAW OFFICES
65 Oak Court
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

N. Scott Carpenter (*Pro Hac Vice To Be Submitted*)
scarpenter@cstriallaw.com
Rebecca Bell-Stanton (*Pro Hac Vice To Be Submitted*)
rstanton@cstriallaw.com
Carpenter & Schumacher, P.C.
2701 Dallas Parkway, Suite 570
Plano, TX  75093
Telephone: (972) 403-1133
Facsimile:  (972) 403-0311

*Attorneys for Plaintiffs*
JAMES BODLEY and KYLE MATSON

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs James Bodley and

Kyle Matson, individually and on behalf of all others similarly situated, hereby demand a jury trial.

Dated:      September 19, 2017          Respectfully submitted,

BIRKA-WHITE LAW OFFICES


By: */s/ David M. Birka-White*
    DAVID M. BIRKA-WHITE
    Attorneys for Plaintiffs
    James Bodley and Kyle Matson

CLASS ACTION COMPLAINT FOR DAMAGES