UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BODLEY, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>WHIRLPOOL CORPORATION,<br><br>   Defendant. | Case No. 17-cv-05436-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: ECF No. 34 |

Before the Court is Defendant Whirlpool Corporation's motion to dismiss, stay, or transfer under the first-to-file rule, or in the alternative, to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This case involves two overlapping prospective class action lawsuits against Whirlpool: the first-filed case in the Western District of Michigan and the instant case filed in the Northern District of California. For the following reasons, the Court will grant the motion, and transfer the instant case to the Western District of Michigan.

## I. REQUEST FOR JUDICIAL NOTICE

Whirlpool asks the Court to take judicial notice of the docket, complaint, and order granting the partial motion to dismiss from Burch v. Whirlpool Corporation, 1:17-cv-00018-PLM-RSK (hereinafter "Burch"), the lawsuit in the Western District of Michigan. ECF No. 34 at 12. Plaintiffs do not oppose Whirlpool's request for judicial notice of these documents. See generally, ECF No. 35. Because a court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue," Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted), the Court grants Whirlpool's request in its entirety.

## II. JURISDICTION

District courts have diversity jurisdiction over class action lawsuits when the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), there are more than 100 members in the proposed class, and any member of the proposed class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d). Plaintiffs' First Amended Complaint ("FAC") states that Plaintiffs' combined claims amount to at least $5,000,000 exclusive of interest and costs, that there are at least 100 class members in the proposed class, and that the class representatives are citizens of California while Whirlpool is a citizen of Delaware and Michigan. ECF No. 24 ¶ 17. The Court therefore has jurisdiction over this matter.

## III. BACKGROUND

At the moment, there are two nationwide prospective class action lawsuits against Whirlpool regarding dishwashers that are defective in the same way. On January 5, 2017, Warren Burch filed a complaint in the Western District of Michigan. Burch, ECF No. 1. In his First Amended Complaint, Burch seeks to represent a proposed class of nationwide and Virginia consumers who bought and use Whirlpool residential dishwashers. Burch, ECF No. 13 ¶¶ 2, 34-35. He alleges that Whirlpool's dishwashers "are defective in that their upper rack adjusters . . . are made of brittle plastic that routinely break during normal use." Id. ¶ 2. Burch sued for breach of express warranty, breach of implied warranty, fraudulent concealment, and unjust enrichment; however, breach of implied warranty is the only cause of action that remains. Burch, ECF No. 22.

On September 19, 2017, roughly nine months after Burch filed his complaint, Plaintiffs James Bodley and Kyle Matson filed the instant action. ECF No. 1. Plaintiffs seek to represent nationwide and California consumers who bought a KitchenAid dishwasher or a home with a KitchenAid dishwasher already installed. FAC ¶ 96. They allege that the "upper rack assemblies . . . are defective and fail as the heat generated by the dishwasher causes the plastic components to become brittle and break . . . ." Id. ¶ 3. Plaintiffs seek relief for violations of the Unfair Competition Law and the Consumer Legal Remedies Act, fraudulent concealment, breach of express and implied warranty, breach of express and implied warranty under the Song-Beverly Consumer Warranty Act, and breach of express and implied warranty under the Magnuson-Moss

Warranty Act. Id. ¶¶ 111-223.

Whirlpool moves to dismiss, stay, or transfer this action under the first-to-file rule. See ECF No. 34. Whirlpool also moves, in the alternative to dismiss all nine causes of action for failure to state a claim. See id. Plaintiffs oppose both. See ECF No. 35.

## IV. LEGAL STANDARD

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court. . . ." Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.3d 622, 623 (9th Cir. 1991). A district court examines three threshold factors in deciding whether to apply the first-to-file rule: the chronology of the two actions, the similarity of the parties, and the similarity of the issues. Id. at 625–26; Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982) (citations omitted); see also Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). "The principle underlying the federal comity doctrine is 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Benson v. JPMorgan Chase Bank, N.A., No. C-09-5272 EMC, 2010 WL 1445532, at *2 (N.D. Cal. Apr. 7, 2010) (quoting Pacesetter Systems, 678 F.2d at 94-95).

While the first-to-file rule "should not be disregarded lightly," Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016), "district courts can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). Courts can deviate from the first-to-file rule when the first suit was filed in bad faith, or anticipatorily, or when there is evidence of forum shopping, or an imbalance of convenience. Alltrade, 946 F.2d at 628.

## V. ANALYSIS

### A. Threshold Factors

The first factor, chronology, weighs in favor of applying the first-to-file rule because the Burch lawsuit was filed first. Compare ECF No. 1 (Sept. 19, 2017) with Burch, ECF No. 1 (Jan. 5, 2017).

The second factor, similarity of parties, also weighs in favor of applying the rule. The

3

parties need only be "substantially similar," not identical. Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (citations omitted). Additionally, in assessing the similarity of parties in a class action, courts compare the classes, not the class representatives. Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citation omitted). Plaintiffs argue that the parties are different because Burch seeks to represent owners of *any* dishwasher manufactured by Whirlpool while Plaintiffs in this case seek to represent owners of *KitchenAid* dishwashers manufactured by Whirlpool. ECF No. 35 at 12-13. The Court also notes that Plaintiffs seek to represent a subclass of homebuyers with KitchenAid dishwashers already installed. FAC ¶ 96. While the parties in the two lawsuits are not identical, they are substantially similar.

Finally, the similarity of issues factor also weighs in favor of applying the first-to-file rule. Like the parties, the issues "need not be identical, only substantially similar." Kohn, 787 F.3d at 1240 (citations omitted). In both the Burch lawsuit and the instant case, the plaintiffs allege several consumer protection claims based on the dishwasher's brittle upper rack adjusters, using virtually identical language. ECF No. 34 at 17. And while the instant case asserts additional legal theories in addition to those pled in Burch, the cases are clearly based on an identical core of factual allegations. "[T]he first-to-file rule does not require identical issues, so long as the actions are substantially similar or involve substantial overlap." Red v. Unilever United States, Inc., No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010); see also Pedro v. Millennium Prod., Inc., No. 15-CV-05253-MMC, 2016 WL 3029681, at *5 (N.D. Cal. May 27, 2016) ("[W]here claims in the earlier and later-filed lawsuits implicate 'common fact[s]' . . . , courts have found those lawsuits present similar issues.") (citing Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010)); Bozic v. Uijl, No. 16-CV-733-BAS(MDD), 2017 WL 432878, at *6 (S.D. Cal. Jan. 31, 2017) (finding test satisfied where claims "substantially overlapped")).

Because these cases satisfy all three factors, the first-to-file rule applies.

/ / /

**B.     Equitable Considerations**

The Court has considered the equitable exceptions to the first-to-file rule, and finds that none of them apply here. The parties do not allege, and it does not appear to the Court, that there is evidence of bad faith, anticipatory filing, or forum shopping.

As for the balance of convenience, "normally the forum non conveniens argument should be addressed to the court in the first-filed action," although it can be appropriate "for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." Pacesetter, 678 F.2d at 96. Here, Plaintiffs point to the additional expense and inconvenience they would suffer if the case were litigated in Michigan. See ECF Nos. 35-1, 35-2; ECF No. 35 at 14. As class representatives, however, Plaintiffs themselves will rarely if ever need to attend hearings in the action; those duties will be undertaken by counsel. Plaintiffs also recognize that their travel costs are likely to be paid by Plaintiffs' counsel. ECF No. 35-1 at 3.

While a "[a] court may relax the 'first-to-file' rule if the balance of convenience weighs in favor of the later filed action," Ward, 158 F.R.D. at 648, the Court declines to do so here. "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co., No. 4:15-CV-05445-YGR, 2016 WL 304781, at *2 (N.D. Cal. Jan. 26, 2016) (citing Church of Scientology, 611 F.2d at 750). For that reason, as previously noted, "the rule 'should not be disregarded lightly.'" Id. (quoting Microchip Tech., Inc. v. United Module Corp., No. 10-CV-04241, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011)).

The Court finds that the modest inconvenience to the Plaintiffs is greatly outweighed by "the importance of conservation of judicial resources and the comprehensive disposition of litigation." CRU Acquisition Grp., LLC v. Mykey Tech. Inc., No. 3:11-CV-05743-RBL, 2012 WL 441293, at *1 (W.D. Wash. Feb. 10, 2012); Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1102 (N.D. Cal. 2006) ("Additionally, to transfer the suit to New Jersey would further the first-to-file rule's purpose of promoting efficiency and avoiding the duplication of litigation."). Accordingly, "because the Court finds that the balance of convenience is neutral or at most only slightly more favorable to the California forum, it declines to exercise its discretion to depart from

the first to file rule here." Am. Newland Communities, L.P. v. Axis Specialty Ins. Co., No. 11CV1217 JLS WMC, 2011 WL 5359335, at *4 (S.D. Cal. Nov. 7, 2011).

### C. Dismiss, Stay or Transfer

After determining that the first-to-file rule applies, the Court must decide whether to dismiss, stay, or transfer the case. Alltrade, 946 F.3d at 623. District courts have broad discretion in making this decision. Clardy v. Pinnacle Foods Grp., LLC, No. 16-CV-04385-JST, 2017 WL 57310, at *2-3 (N.D. Cal. Jan. 5, 2017) (citations omitted). A transfer is the most appropriate option in this case because "it is inefficient and impractical to have two overlapping class actions proceed individually in two separate courts." Henry v. Home Depot U.S.A., Inc., No. 14-cv-04858-JST, 2016 WL 4538365, at *5 (N.D. Cal. Aug. 31, 2016). The parties and issues in these lawsuits are so substantially similar, that proceeding individually would "waste judicial resources, require duplicative efforts by both parties, and potentially frustrate class members' rights." Id.

## CONCLUSION

For the foregoing reasons, Whirlpool's motion to transfer is GRANTED and the instant case is transferred to the Western District of Michigan. The Court need not address Whirlpool's arguments in the alternative that the FAC should be dismissed for failure to state a claim. ECF No. 34.

**IT IS SO ORDERED.**

Dated: May 24, 2018

_____
JON S. TIGAR
United States District Judge